IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTSDALE INSURANCE CO.,, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-CV-2366-DWD |
| | ) |
| GOOD HOLDINGS, LLC, RBM PARTNERS, LLC, FIRESIDE MANAGEMENT, LLC, and BENJAMIN TOMASINO, and RYLEE SZOKE, | ) ) ) ) |
| | |
| Defendants. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In this insurance coverage dispute, Scottsdale Insurance Company ("Scottsdale") seeks a declaratory judgment that it has no duty to defend or indemnify Good Holdings, LLC, RBM Partners, LLC, Fireside Management, LLC, or Benjamin Tomasino ("Good Holdings Defendants"), under Scottsdale insurance policy numbers CPS7335681 and CPS7552587, in the underlying lawsuit that Ryle Szoke ("Szoke") filed against them.

Presently before the Court is Scottsdale's Motion for Judgment on the Pleadings. (Doc. 34). The Good Holdings Defendants have withdrawn their request for coverage under the subject policies and have been dismissed from the case. (Docs. 32 and 33). Szoke, the only remaining defendant, has not filed a Response in Opposition to Scottsdale's Motion for Judgment on the Pleadings.

I.   BACKGROUND

**A. Underlying Lawsuit**

The Underlying Lawsuit, captioned *Szoke v. Good Holdings, LLC et al.*, Cir. Ct. Madison Cnty., IL., No. 2024 LA 250, brings personal injury claims against the Good Holdings Defendants. According to the First Amended Complaint ("Underlying Complaint"), Szoke rented an apartment, pursuant to two written lease agreements, effective from June 11, 2021 through June 30, 2023. While Szoke lived in the apartment, water leakage allegedly caused a mold infestation, and failure to rectify the mold issue allegedly caused Szoke personal injurues.

### B. The Policies

At issue here are two commercial general liability insurance policies issued by Scottsdale: (1) Policy No. CPS7335681, effective from March 31, 2021 to March 31, 2022 ("2021-2022 CGL Policy"), and (2) Policy No. CPS7552587, effective from March 31, 2022 to March 31, 2023 (collectively, the "Policies"). (Docs. 1-1 and 1-2). The Policies include the Commercial General Liability Coverage Form (CG 00 01 04 13), which provides, in pertinent part, as follows with respect to "bodily injury" liability (Coverage A):

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply.

2

The Policies are endorsed by the following Fungi or Bacteria Exclusion:

> A. The following exclusion is added to Paragraph **2. Exclusions of Section I — Coverage A — Bodily Injury And Property Damage Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> Fungi Or Bacteria
>
> > a. "Bodily injury" … which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
> > b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity….
>
> * * *
>
> C. The following definition is added to the **Definitions** Section:
>
> "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi…. (Doc. 1-1, pg. 47; Doc. 1-2, pg. 47).

## II.   STANDARD FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Courts apply the same standard in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016). The facts are

viewed in the light most favorable to the nonmovant. *Id.* A judgment on the pleadings is properly granted if the pleadings disclose no issue of material fact and the mover is entitled to judgment as a matter of law. *Employers Insurance of Wausau v. Ehlco Liquidating Trust,* 186 Ill.2d 127, 237 Ill.Dec. 82, 708 N.E.2d 1122 (1999).

### III.    APPLICABLE LAW

Under Illinois law, the primary function in construing an insurance policy is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy. *Cent. Illinois Light Co. v. Home Ins. Co.*, 213 Ill. 2d 141, 153 (2004). "If the words of the policy are clear and unambiguous, they must be afforded their plain, ordinary and popular meaning." *Connecticut Specialty Ins. Co. v. Loop Paper Recycling, Inc.*, 356 Ill. App. 3d 67, 73 (1st Dist. 2005). In construing an insurance policy, the court should refrain from creating ambiguities where none exist. *Id.*

Illinois law provides that "the insurer's duty to defend arises when 'the facts alleged in the underlying complaint fall within, or potentially within, the policy's provisions.' " *Mkt. St. Bancshares, Inc. v. Fed. Ins. Co.*, 962 F.3d 947, 951–52 (7th Cir. 2020) (quoting *Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 620 N.E.2d 1073, 1079 (Ill. 1993)); *see also Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1016–17 (Ill. 2010) ("In a declaratory judgment action such as that presented here, where the issue is whether the insurer has a duty to defend, a court ordinarily looks first to the allegations in the underlying complaint and compares those allegations to the relevant provisions of the insurance policy."). The insured bears the burden of proving that its claim falls within the policy's coverage. *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009). Once the

4

insured has established coverage, the burden shifts to the insurer to prove that a limitation or exclusion applies. *Id.*

An insurer's duty to defend is broader than its duty to indemnify. *Pekin Ins. Co.*, 930 N.E.2d at 1017 (citing *Outboard Marine Corp.*, 607 N.E.2d 1204 (Ill. 1992)). Thus, a finding that an insurer has no duty to defend necessarily means that it has no duty to indemnify.*See Crum & Forster Managers Corp. v. Resolution Tr. Corp.*, 156 Ill.2d 384, 189 Ill.Dec. 756, 620 N.E.2d 1073, 1081 (1993) ("[W]here no duty to defend exists and the facts alleged do not even fall potentially within the insurance coverage, such facts alleged could obviously never actually fall within the scope of coverage. Under no scenario could a duty to indemnify arise.").

## IV. DISCUSSION

The Court has examined the Policies, the Underlying Complaint, and the Policies' Fungi or Bacteria Exclusion (the "Exclusion"). The Exclusion eliminates coverage for any "bodily injury" that "would not have occurred, "in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi.'" The term "fungi" is defined to include mold. The Underlying Complaint alleges that water leakage caused a mold infestation in the apartment and that the Good Holding Defendants' failure to remediate the mold caused Szoke's personal injuries. Under a plain reading of the Policies, Szoke's alleged bodily injuries fall within the Exclusion because the injuries would not have occurred, in whole or in part, but for the presence of and exposure to mold.

Because the allegations in the Underlying Complaint trigger the Fungi or Bacteria Exclusion, there is no coverage under the Policies, and Scottsdale has no duty to defend or indemnify the Good Holdings Defendants in the Underlying Lawsuit. Accordingly, Scottsdale's Motion for Judgment on the Pleadings is **GRANTED**.

## V. CONCLUSION

For the reasons set forth above, the Court concludes that the Policies' Fungi or Bacteria Exclusion bars coverage for the claims in the Underlying Lawsuit. Therefore, the Motion for Judgment on the Pleadings (Doc. 34) is **GRANTED**. The Court **DECLARES** as follows:

> Scottsdale Insurance Company has no duty to defend or indemnify Good Holdings, LLC, RBM Partners, LLC, Fireside Management, LLC or Benjamin Tomasino, under Scottsdale insurance policy numbers CPS7335681 and CPS7552587, in the underlying lawsuit filed by Rylee Szoke, styled *Szoke v. Good Holdings, LLC et al.*, Cir. Ct. Madison Cnty., IL., No. 2024 LA 250.

The Court **DIRECTS** the Clerk to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: November 25, 2025    /s/ *David W. Dugan*
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　DAVID W. DUGAN
　　　　　　　　　　　　　　　　United States District Judge